Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50210 | **DATE** | 9/15/2003 |
| **CASE TITLE** | DirectTV vs. Westendorf | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant, Wirf's, motion to dismiss Count III.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse of the memorandum opinion and order, the court grants defendant, Wirf's, motion to dismiss Count III with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | SEP 16 2003 | 18 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9-16-03 date mailed notice | |
| /LC | courtroom deputy's initials | 2003 SEP 15 PM 3:12 Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, DirectTV, Inc., filed a five-count complaint against several defendants, including George Wirfs. Wirfs filed a motion to dismiss Count III. For the following reasons, the court grants the motion to dismiss Count III.

Count III alleges a private cause of action under 18 U.S.C. § 2512. The operative conduct alleged in Count III is that defendants "possessed, manufactured, and/or assembled" devices that were designed to make them primarily useful for intercepting satellite television broadcasts in violation of section 2512. Also of relevance to this motion is Count II which pleads a cause of action under section 2520(a) based on the actual interception, disclosure, or use of electronic communications in violation of section 2511.

Wirfs contends in his motion to dismiss that there is no private cause of action arising out of section 2512. Plaintiff responds that there is a private right of action under section 2512 for two reasons: first, because section 2520(a) recognizes a cause of action for any violation of the chapter, and, second, because it has alleged that defendants actually used the devices to intercept its transmissions. Both sides cite several cases that support their respective positions. Neither side cites a court of appeals case from the Seventh Circuit, and research reveals none. Plaintiff has submitted several orders from the Northern District of Illinois, Eastern Division, which were decided after the briefing was completed on the motion to dismiss. See, e.g., DirectTV v. Perez, 2003 WL 22038403, (N.D. Ill. Aug. 27, 2003).

Section 2520(a) expressly provides, in relevant part, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may maintain a private cause of action. 18 U.S.C. § 2520(a). Section 2511, in turn, makes it a crime, among other things, to intercept, or use any device to intercept, an electronic communication. 18 U.S.C. § 2511. Section 2512 also makes it a crime to manufacture, assemble, possess, or sell any device designed to intercept electronic communications. 18 U.S.C. § 2512.

Section 2520(a) provides for a civil cause of action for any interception, disclosure, or intentional use of any electronic communication "in violation of this chapter." The words "in violation of this chapter" clearly qualify any interception, disclosure or intentional use. The court does not read such words so broadly as to give rise to a cause of action for any violation of the chapter generally. While section 2511 addresses unlawful intercepts, disclosures, or uses, section 2512 is limited to unlawful possession, manufacture, or assembly of devices designed to intercept. There is no mention of actual interception, use, or disclosure in section 2512. Thus, section 2520(a) does not, by its express terms, incorporate section 2512 into its private cause of action language.

Nor does section 2520(a) or section 2512 give rise to an implied right of action. A strong presumption exists against the creation of an implied right of action. Endsley v. City of Chicago, 230 F. 3d 276, 281 (7th. Cir. 2000). The focus of the inquiry is whether Congress intended an implied right of action in light of the statute's language, structure, and legislative history. Endsley, 230 F. 3d at 280.

In this case, it is apparent that Congress intended to create an express cause of action via section 2520(a). When Congress does so, an implied right of action is especially difficult to infer "without powerful support in the legislative history." Community and Economic Development Assoc. of Cook County v. Suburban Cook County Area Agency on Aging, 770 F. 2d 662, 666 (7th Cir. 1985). There is nothing in the legislative history behind section 2520(a) or section 2512, including the 1986 amendments, to indicate Congress intended to create an implied cause of action beyond that expressly provided for in section 2520(a).

Further, unlike a violation of section 2511 where a provider would be damaged by an unauthorized interception, disclosure, or use of its electronic communications, a violation of section 2512 would not harm such a provider. The assembly, manufacture, possession, or sale of a device designed to intercept, while harmful to society in a criminal sense, does not cause compensable harm to a provider in a civil sense. The court finds that there is no private cause of action, express or implied, under section 2512.

To the extent plaintiff relies on its allegations of use of the devices to intercept electronic communications to support Count III, see DirectTV v. Perez, such allegations, in this court's opinion, may only give rise to a cause of action under section 2511, the section underlying Count II. See DirectTV v. Amato, 2003 WL 21537206, (E.D. Va. June 20, 2003).

For the foregoing reasons, the court grants Wirf's motion to dismiss Count III.